UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | Case No. 12-cv-543-L(WVG) |
| Plaintiff, ) ) | **ORDER GRANTING MOTION FOR** |
| v. ) ) | **DEFAULT JUDGMENT AS TO MAMIE LEE ROBBINS [DOC. 16]** |
| $3,275.00 IN U.S. CURRENCY, ) ) | |
| Defendant. ) ) | |

    Pending before the Court is Plaintiff United States of America ("Government")'s motion for default judgment seeking forfeiture of the interests of Mamie Lee Robbins.  This action was brought against Defendant $3,275.00 in U.S. Currency ("defendant property"), constituting money furnished in exchange for a controlled substance that is liable for condemnation and forfeiture under 21 U.S.C. § 881(a)(6).  None of the potential claimants, including Ms. Robbins, have opposed.

    The Court found this motion suitable for determination on the papers submitted and without oral argument.  *See* Civ. L.R. 7.1(d.1).  (Doc. 18.)  For the following reasons, the Court **GRANTS** Plaintiff's motion for default judgment.  (Doc. 16.)

//

## I.   BACKGROUND

On September 6, 2011, Escondido Police Department detectives had a state search warrant for Ms. Robbins, her vehicle, and her residence. (Compl. ¶ 3 [Doc. 1].) Ms. Robbins and Ellen Hall were contacted in Ms. Robbins' vehicle in Escondido, California, and detained pursuant to the search warrant. (*Id.*)

Ms. Robbins admitted possessing methamphetamine on her person, in her vehicle, and her apartment. (Compl. ¶ 4.) A detective retrieved a container from Ms. Robbins' front pocket that contained twenty small baggies that appeared to be marked by weight with a total weight of approximately 35.61 grams of methamphetamine. (*Id.*) The container also had numerous hydrocodone pills in baggies inside of it. (*Id.*) Ms. Robbins told the detective that there was more dope in the car and that it was going to be a "sales case". (*Id.*) The detective found a handbag in the car that contained the following items: (1) $3,275.00 in U.S. Currency, (2) a box containing a baggie with approximately 2.69 grams of methamphetamine in it, (3) packaging materials, (4) a digital scale, and (5) a metal container with approximately 0.79 grams of methamphetamine in it. (*Id.*)

Ms. Hall told detectives that she had a small bag of methamphetamine, which she pulled out of her pants pocket. (Compl. ¶ 5.) She said that it was given to her by Ms. Robbins. (*Id.*)

The detectives then went to Ms. Robbins' apartment to finish serving the search warrant. (Compl. ¶ 6.) The detectives noticed several surveillance cameras connected to monitors oriented towards the outside of the apartment. (*Id.*) Packaging materials and a pay-and-owe sheet were also found. (*Id.*) Other items found include mail addressed to Ms. Robbins, two digital scales, and approximately 15 grams of methamphetamine. (*Id.*)

Ms. Robbins said that she did not have another job, and selling drugs is how she makes money. (Compl. ¶ 7.)

Based on training and experience, the narcotics detectives believed "the defendant currency represented the proceeds of selling methamphetamine and was in an amount and denominations consistent with the sales of methamphetamine at that level and that the methamphetamine found on Robbins' person, in her purse, and in her apartment was being

distributed and sold for profit." (Compl. ¶ 8.) This opinion is based upon the quantity of methamphetamine, scales, currency, packaging, pay-and-owe sheet, and Ms. Robbins' statements concerning the sales of methamphetamine. (*Id.*)

Ms. Robbins eventually pled guilty to violating California Health and Safety Code §§ 11378 and 11351, Possession of Methamphetamine for Sale and Possession of Hydrocodone for Sale, in the San Diego Superior Court. (Compl. ¶ 8.)

On March 2, 2012, the Government filed a complaint for forfeiture against the defendant property. (Doc. 1.) On March 8, 2012, an agent of the United States Marshal Service seized and arrested the defendant property under the Court's order appointing him as custodian. (Running Decl. ¶ 3.)

On March 6, 2012, the Government sent a Notice of Judicial Forfeiture Proceedings and a copy of the Complaint for Forfeiture to Mamie Lee Robbins at three different addresses, Jill Wageman, and Ellen Gay Hall as potential claimants. (Running Decl. ¶ 4.) On May 24, 2012, the same notice and complaint was sent to Mamie Lee Robbins at a fourth address as a potential claimant. (*Id.* ¶ 5.) Notice of this civil forfeiture action was posted on www.forfeiture.gov for at least thirty consecutive days beginning on March 7, 2012. (*Id.* ¶ 6.) No claim or answer has been filed regarding the defendant property. (*Id.*)

On June 6, 2012, the Clerk of the Court entered default against any and all potential claimants except Mamie Lee Robbins. (Doc. 8.) Thereafter, the Government filed this motion for default judgment. (Doc. 9.) None of the potential claimants have opposed. Thereafter, the Court granted the Government's motion. (Doc. 11.)

The Government now moves for default judgment against Mr. Robbins. (Doc. 16.)

## II.    LEGAL STANDARD

Rule 55(b)(2) of the Federal Rules of Civil Procedure governs applications to the court for default judgment. *See* Fed. R. Civ. P. 55(b)(2). Default judgment is available as long as the plaintiff establishes: (1) defendant has been served with the summons and complaint and default was entered for their failure to appear; (2) defendant is neither a minor nor an incompetent

person; (3) defendant is not in military service or not otherwise subject to the Soldiers and Sailors Relief Act of 1940; and (4) if defendant has appeared in the action, that defendant was provided with notice of the application for default judgment at least three days prior to the hearing. *See, e.g.*, 50 U.S.C. § 521; Fed. R. Civ. P. 55; *Twentieth Century Fox Film Corp. v. Streeter*, 438 F. Supp. 2d 1065, 1070 (D. Ariz. 2006).

Upon entry of default, the factual allegations in plaintiff's complaint, except those relating to damages, are deemed admitted. *E.g.*, *Televideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987) (quoting *Geddes v. United Fin. Group*, 559 F.2d 557, 560 (9th Cir. 1977)). Where the amount of damages claimed is a liquidated sum or capable of mathematical calculation, the court may enter a default judgment without a hearing. *Davis v. Fendler*, 650 F.2d 1154, 1161 (9th Cir. 1981). When it is necessary for the plaintiff to prove unliquidated or punitive damages, the court may require plaintiff to file declarations or affidavits providing evidence for damages in lieu of a full evidentiary hearing. *Transportes Aereos De Angola v. Jet Traders Invest. Corp.*, 624 F. Supp. 264, 266 (D. Del. 1985).

Entry of default judgment is within the trial court's discretion. *See Taylor Made Golf Co. v. Carsten Sports, Ltd.*, 175 F.R.D. 658, 660 (S.D. Cal. 1997) (Brewster, J.) (citing *Lau Ah Yew v. Dulles*, 236 F.2d 415, 416 (9th Cir. 1956)). In making this determination, the court considers the following factors: (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action, (5) the possibility of a dispute concerning the material facts, (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits. *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986).

### III. DISCUSSION

#### A. Verified Claim and Answer

This *in rem* civil forfeiture action is governed by the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions. *See United States v. Approximately $1.67*

*Million*, 513 F.3d 991, 996 (9th Cir. 2008).  *In rem* jurisdiction is obtained "by arrest under process of the court."  *United States v. 2,164 Watches, More or Less, Bearing a Registered Trademark of Guess?, Inc.*, 366 F.3d 767, 771 (9th Cir. 2004) (internal quotation marks omitted).

Under Rule G(5) of the Supplemental Rules, "[a] person who asserts an interest in the defendant property may contest the forfeiture by filing a claim in the court where the action is pending."  The claim must: (A) identify the specific property claimed; (B) identify the claimant and state the claimant's interest in the property; (C) be signed by the claimant under penalty of perjury; and (D) be served on the government attorney designated under Rule G(4)(a)(ii)(C) or (b)(ii)(D).  Rule G(5)(b) also provides that "[a] claimant must serve and file an answer to the complaint or a motion under Rule 12 within 21 days after filing the claim.  A claimant waives any objection to in rem jurisdiction or to venue if the objection is not made by motion or stated in the answer."

The Government served Notice of Forfeiture on all known potential claimants on March 6, 2012.  And on May 24, 2012, the Government sent a Notice of Judicial Forfeiture Proceedings and a copy of the Complaint for Forfeiture by certified mail to Ms. Robbins at a new address.  Since the time of notice, Ms. Robbins has communicated with the Government, but no claim or answer has been filed by Ms. Robbins regarding the defendant property.  Therefore, with the expiration of the 21-day filing period, Ms. Robbins has waived any objection to *in rem* jurisdiction or to venue.

**B.    The Government Establishes Its Case by a Preponderance of the Evidence.**

Under the Civil Asset Forfeiture Reform Act of 2000, the burden of proof for the civil forfeiture of any property is on the Government to establish, by a preponderance of the evidence, that the property is subject to forfeiture.  18 U.S.C. § 983(c).  Furthermore, "the Government may use evidence gathered after the filing of the complaint for forfeiture to establish, by preponderance of the evidence, that the property is subject to forfeiture," and "if the Government's theory of forfeiture is that the property was used to commit or facilitate the

commission of a criminal offense, or was involved in the commission of a criminal offense, the Government shall establish that there was a substantial connection between the property and the offense." *Id.*

In this case, the Government's evidence is not disputed by any claimant, including Ms. Robbins.  Moreover, upon entry of default, the factual allegations in the Government's verified complaint are deemed admitted.  Therefore, assuming the allegations in the complaint as true, the Government has shown by a preponderance of the evidence that the defendant property was involved in a transaction or attempted transaction, or was property traceable to property involved in violation in violation of 21 U.S.C. § 801 *et seq.*, and in particular, under 21 U.S.C. § 881. Furthermore, based on the allegations in the complaint, the Government has both proven its case by a preponderance of the evidence and established the requisite nexus between the defendant property and the offense.

## IV.  CONCLUSION & ORDER

In light of the foregoing, the Court **GRANTS** Plaintiff's motion for default judgment. (Doc. 16.)  Accordingly, the Court **ORDERS** that the interests of Mamie Lee Robbins be condemned and forfeited to the United States of America.

**IT IS SO ORDERED.**

DATED: March 27, 2013

_____
M. James Lorenz
United States District Court Judge

COPY TO:

HON. WILLIAM V. GALLO
UNITED STATES MAGISTRATE JUDGE

ALL PARTIES/COUNSEL